IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                        CRIMINAL CASE NO.: 3:21-CR-107-3

GILBERT MCTHUNEL II                                       DEFENDANT

ORDER

Now before the Court is Gilbert McThunel II's *pro se* Motion for Adjustment of Sentence [223]. The Government has not responded to the filing, but the time to do so has passed. The Court is prepared to rule.

*Background*

On October 27, 2021, an Indictment [1] was filed against McThunel and two other individuals—Jamarr Smith and Thomas Iroko Ayodele. The Indictment [1] alleged that the Defendants "did rob Sylvester Cobbs, a person having lawful charge, control, and custody of any mail matter, money, and other property of the United States, of such mail matter, money, and property, and in doing so, did put Sylvester [Cobbs'] life in jeopardy by the use of a dangerous weapon[.]" [1] at p. 3. In addition to that substantive offense, the Defendants were also charged with conspiracy to commit that offense.

All three Defendants proceeded to trial. At the conclusion of the four-day trial, the jury convicted all three Defendants on both counts. For his role in the criminal scheme, the Court sentenced McThunel to serve a term of imprisonment of 121 months to be followed by 5 years on supervised release. *See* [191].

According to the Bureau of Prisons' website, McThunel is currently housed at Forrest City Low with an anticipated release date of November 16, 2030. *See* www.bop.gov/inmateloc/.

McThunel now seeks a sentence reduction pursuant to Amendment 821 to the United States Sentencing Guidelines.

*Analysis and Discussion*

After imposition of a term of imprisonment, courts are limited in their ability to modify the imposed term. *See*, *e.g.*, *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021). But 18 U.S.C. § 3582(c) provides authorization for courts to do so under certain circumstances, reading in pertinent part as follows:

> **(c) Modification of an imposed term of imprisonment.** -- The court may not modify a term of imprisonment once it has been imposed except that --
>
> . . .
>
> **(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 944(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Consistent with this statutory language, the Supreme Court has articulated a two-step analysis for courts to follow in determining whether a sentence reduction is appropriate, explaining that courts should (1) determine the defendant's eligibility for a sentence modification and what amended guideline range would have been applicable; and (2) consider any applicable 18 U.S.C. § 3553(a) factors and determine whether the reduction is warranted under the particular circumstances of the case. *Dillon v. United States*, 560 U.S. 817, 827, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010).

In this case, the inquiry never gets past the first step. McThunel is ineligible for a sentence reduction. In his Motion [223], which is a form document, McThunel requests a sentence reduction pursuant to Sentencing Guideline Amendment 821, which became effective on November 1, 2023 (only a few months after his sentencing). In particular, McThunel relies on Amendment 821's modification to Section 4A1.1 and its enactment of a new provision—Section 4C1.1.

In Part A of Amendment 821, the Sentencing Commission altered the "status points" provision of the Guidelines, lowering the number of "status points" that apply in certain circumstances. *See* U.S.S.G. § 4A1.1(e). Under the new provision, a person who has seven criminal history points or more now receives one "status point" (compared to two) and a person who has six criminal history points or less no longer receives any status points. *Id*.

The Court has reviewed McThunel's Presentence Investigation Report [178]. He received no "status points" and therefore is not eligible for a sentence reduction under Part A.

Part B of Amendment 821 created Guideline Section 4C1.1, which makes eligible for a reduction certain zero-point offenders. *See* U.S.S.G. § 4C1.1. McThunel's Presentence Investigation Report [178] indicates a criminal history score of zero, rendering him a zero-point offender. However, Section 4C1.1 makes clear that it does not apply in cases where a defendant used violence or credible threats of violence in connection with the offense, where the offense resulted in death or serious bodily injury, or where the defendant possessed or transported a firearm or other dangerous weapon in connection with the offense. *Id*. at § 4C1.1(a)(3), (4), (7). The conduct for which McThunel was convicted—robbing and conspiring to rob a United States postal worker and placing his life in jeopardy by use of a dangerous weapon—disqualifies him from Section 4C1.1 eligibility.

Additionally, even if McThunel could establish eligibility, the second step of the requisite analysis requires the reviewing court to consider any applicable Section 3553(a) factors. *See Dillon*, 560 U.S. at 827, 130 S. Ct. 2683. These factors do not weigh in favor of a sentence reduction. The nature and circumstances of the subject offense are extremely serious. McThunel, along with his co-defendants, unnecessarily traumatized and victimized a man who was simply completing his job duties as a postal worker. The sentence imposed is necessary to reflect the seriousness of this conduct, to promote respect for the law, and provide just punishment. The Court also takes seriously its obligation to protect the public. McThunel's conduct in this case (threatening and jeopardizing the life of a postal worker through use of a firearm for the purpose of financial gain) clearly illustrates that he poses a threat to the general public.

Ultimately, the Section 3553(a) factors do not weigh in favor of relief, even if McThunel could establish eligibility. The imposed sentence is necessary to carry out the objectives of the Section 3553(a) factors.

*Conclusion*

McThunel's *pro se* Motion [223] is DENIED. His sentence will not be modified.

SO ORDERED, this the 17th day of December, 2025.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE